CASE NO.: _____

PRACHI GANDHI and ABHISHEK
GANDHI, as Parents and Natural Guardians of
ARAINA GANDHI, a minor, and PRACHI
GANDHI and ABHISHEK GANDHI,
Individually,

            Plaintiffs

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

            Defendant.

_____/

# **COMPLAINT**
## Demand for Jury Trial

Plaintiffs, PRACHI GANDHI and ABHISHEK GANDHI, as Parents and Natural Guardians of ARAINA GANDHI, a minor, and PRACHI GANDHI and ABHISHEK GANDHI, individually, by and through undersigned counsel, sue CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, hereafter referred to as "CARNIVAL CRUISE LINES" and allege:

### **JURISDICTION, PARTIES AND VENUE**

1.     This is an action for damages in excess of $15,000, exclusive of interest, attorneys' fees and costs.

2.     Plaintiffs are residents of Seminole County, State of Florida.

3.     On December 29, 2012, Prachi and Abhishek Gandhi, husband and wife, and Araina Gandhi, their then three-year-old child, were passengers on the Defendant's cruise ship, CARNIVAL LEGEND, pursuant to a Cruise/Cruise Tour Ticket Contract, a copy of which is

PRACHI GANDHI and ABHISHEK GANDHI, as Parents and Natural Guardians of ARAINA GANDHI, a minor, and PRACHI GANDHI and ABHISHEK GANDHI, Individually v. CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES

COMPLAINT

attached hereto as Exhibit "A." Said contract contains a provision requiring that any litigation arising under, or in connection with, or incident to the contract be brought in the United States District Court for the Southern District of Florida, Miami Division. As further described herein, the minor child, Araina Gandhi, sustained personal injuries while on board the ship while at sea due to the negligence of the defendant.

4.     The Defendant, Carnival Cruise Lines, owns and operates various cruise lines and has its principal place of business, main offices and base of operations in Miami, Dade County, Florida.

5.     At all times material hereto, the Defendant, Carnival Cruise Lines, owned, operated, managed and maintained and or controlled the vessel CARNIVAL LEGEND.

6.     All conditions precedent to bringing this action have been performed, waived, or have otherwise been satisfied, including compliance with the conditions set out in the Cruise/Cruise Tour Ticket Contract attached hereto as Exhibit "A."

## FACTUAL ALLEGATIONS

7.     On December 23, 2012, Plaintiffs Prachi and Abhishek Gandhi, their child Araina Gandhi, and other family members set out on a cruise aboard the vessel, CARNIVAL LEGEND. The ship departed from the port of Tampa, Florida.

8.     On December 29, 2012, the minor Plaintiff, Araina Gandhi, then three-years-old, was riding in an elevator aboard the ship with her father, Abhishek Gandhi, her infant brother, her uncle, Vipul Gandhi, and two other passengers. The child, Araina Gandhi, was standing in

PRACHI GANDHI and ABHISHEK GANDHI, as Parents and Natural Guardians of ARAINA GANDHI, a minor, and PRACHI GANDHI and ABHISHEK GANDHI, Individually v. CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES

COMPLAINT

the elevator with the left side of her body near the elevator door. When the elevator stopped and the door opened, Araina's left arm was drawn into the space into which one side of the elevator doors was sliding and became entrapped up to the elbow. Araina's father and uncle were initially unable to free Araina and the elevator doors repeatedly attempted to close and open with her arm entrapped causing severe pain, injury and distress to Araina. Her father witnessed the child's ordeal which continued until another passenger broke a chair and assisted the uncle in wedging the leg of the chair to increase the space where the child's arm was entrapped, thus allowing the arm to be released.

9.     Araina sustained a deep laceration to her left elbow, a severing of the tendon which became detached from the bone, and a non-displaced fracture of the apophysis of the capitellum. She later underwent surgery to repair and reattach the tendon. The surgery was an open reduction and percutaneous pin fixation of the lateral epicondyle fracture, the pins being later removed.

10.     Abhishek Gandhi, the father of the injured child, observed the ongoing trauma experienced by his child, Araina, during the entire time that her arm was entrapped.

11.     Information was received by the Plaintiffs from fellow passengers that two other children had been injured during the cruise in incidents involving elevator doors.

## COUNT I - CLAIM FOR DAMAGES OF THE MINOR
## CHILD ARAINA GANDHI - NEGLIGENCE

12.     Plaintiffs adopt and reallege the allegations set forth in Paragraphs 1 through 11, and further allege as follows:

PRACHI GANDHI and ABHISHEK GANDHI, as Parents and Natural Guardians of ARAINA GANDHI, a minor, and PRACHI GANDHI and ABHISHEK GANDHI, Individually v. CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES

COMPLAINT

13.     The Defendant, Carnival Cruise Lines, had a duty to use reasonable care for the safety of its passengers, Araina Gandhi, her parents, and other persons onboard the ship as guests, and those riding as passengers in the elevators operated onboard.  Among those duties owed under the circumstances was a duty to warn of unreasonable risks of harm of which the Defendant had actual or constructive  knowledge and to ensure that the elevator doors were free from all defects which could cause harm to children.

14.     The Defendant, Carnival Cruise Lines breached its duty to use reasonable care for the safety of Plaintiff, Araina Gandhi, in one or more of the following ways:

A)     By negligently failing to warn the child and her parents of the danger posed by the condition of the elevator which would cause a child's arm to be entrapped in the space into which the elevator doors would open and;

B)     By failing to take the necessary steps to ensure that a child's arm could not be entrapped in such a space.

15.     The Plaintiffs do not know, and have no means of knowing, the exact cause of the entrapment of the child's arm since those facts are peculiarly within the knowledge and possession of the Defendant, the Defendant having been in control of the elevators which caused the  child's injury, and Plaintiffs aver that this type of accident does not ordinarily occur in the absence of carelessness or lack of skill and therefore pleads the application of the doctrine of res ipsa loquitur.

PRACHI GANDHI and ABHISHEK GANDHI, as Parents and Natural Guardians of ARAINA GANDHI, a minor, and PRACHI GANDHI and ABHISHEK GANDHI, Individually v. CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES

COMPLAINT

16.    As a result of the foregoing, Plaintiff, Araina Gandhi, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.  The losses are either permanent or continuing in nature and the Plaintiff, Araina Gandhi, will suffer the losses in the future.

WHEREFORE, Plaintiff, Araina Gandhi, by and through her Parents and Natural Guardians, demands judgment for damages against the Defendant, Carnival Cruise Lines, the recovery of costs and all further relief as is necessary, just and proper.

## COUNT II – CLAIM FOR DAMAGES OF ABHISHEK GANDHI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

17.    Plaintiffs adopt and reallege the allegations set forth in paragraphs 1 through 16 above and further allege:

18.    Abhishek Gandhi, the father of Araina Gandhi, witnessed the incident which gave rise to the damages described in Count I above.  As a result of his direct observations, and as a result of his attempts to free his daughter whose arm was entrapped in the elevator door, he suffered severe emotional distress.  Following the witnessing of the incident during which his child was suffering serious injury, Abhishek Gandhi suffered anxiety as a result of the severe emotional distress caused by the Defendant's negligent conduct.

PRACHI GANDHI and ABHISHEK GANDHI, as Parents and Natural Guardians of ARAINA GANDHI, a minor, and PRACHI GANDHI and ABHISHEK GANDHI, Individually v. CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES

COMPLAINT

19.     As a direct and proximate result of the negligent conduct of the Defendant, Abhishek Gandhi sustained significant mental anguish and distress which conditions are either permanent or continuing.

WHEREFORE, Plaintiff, Abhishek Gandhi, demands judgment for damages against the Defendant, Carnival Cruise Lines, the recovery of costs and all further relief as is necessary, just and proper.

## COUNT III – CLAIM FOR DAMAGES OF PRACHI GANDHI AND ABHISHEK GANDHI – MEDICAL EXPENSES

20.     Plaintiffs adopt and reallege the allegations set forth in paragraphs 1 through 16 and further allege as follows:

21.     As a direct and proximate result of the negligence of the Defendant, Carnival Cruise Lines, the Plaintiffs Prachi Gandhi and Abhishek Gandhi incurred certain out of pocket expenses for the hospitalization and medical care and treatment of their child, Araina Gandhi, and will likely incur such expenses in the future until the child reaches the age of majority. The Plaintiffs are entitled to recover the past and future out of pocket medical expenses under the circumstances of this case.

WHEREFORE, Plaintiffs Prachi Gandhi and Abhishek Gandhi, demand judgment for damages against the Defendant, Carnival Cruise Lines, the recovery of costs and all further relief as is necessary, just and proper.

PRACHI GANDHI and ABHISHEK GANDHI, as Parents and Natural Guardians of ARAINA GANDHI, a minor, and PRACHI GANDHI and ABHISHEK GANDHI, Individually v. CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES

COMPLAINT

## COUNT IV – CLAIM FOR DAMAGES OF PRACHI GANDHI AND ABHISHEK GANDHI – LOSS OF FILIAL CONSORTIUM

22.     Plaintiffs adopt and reallege the allegations set forth in paragraphs 1 through 11 and further allege as follows:

23.     As a direct and proximate result of the negligence of the Defendants set forth above, the minor child, Araina Gandhi, sustained a significant injury which may never resolve and/or may result in permanent total disability.  By virtue thereof, Prachi and Abhishek Gandhi are entitled to recover for the loss of their child's companionship, society, love and affection, and solace in the past and in the future until the child reaches the age of majority.

WHEREFORE, Plaintiffs Prachi and Abhishek Gandhi demand judgment for damages against the Defendant, Carnival Cruise Lines, the recovery of costs and all further relief as is necessary, just and proper.

## DEMAND FOR JURY TRIAL

20.     Prachi and Abhishek Gandhi, as parents and natural guardians of the minor, Araina Gandhi, and Prachi Gandhi and Abhishek Gandhi, individually, demand trial by jury on all claims set forth herein.

PRACHI GANDHI and ABHISHEK GANDHI, as Parents and Natural Guardians of ARAINA GANDHI, a minor, and PRACHI GANDHI and ABHISHEK GANDHI, Individually v. CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES

COMPLAINT

DATED this _____ 13th _____ day of ___ December ___, 2013.

William B. King
Florida Bar No.: 181773
Attorney E-Mail: wbk@searcylaw.com and,
prompt, enter secretary e-mail]
Primary E-Mail: eservice@searcylaw.com
Secondary E-Mail(s): _KingTeam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:     (561) 383-9456
Attorney for Plaintiffs