UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-24509-CIV-MORENO

PRACHI GANDHI and ABISHEK GANDHI, as
Parent and Natural Guardians of ARAINA
GANDHI, a minor, and PRACHI GANDHI and
ABHISHEK GANDHI, Individually,

    Plaintiffs,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE and MOTION TO DISMISS COUNTS II, III, and IV of PLAINTIFF'S COMPLAINT

THIS CAUSE came before the Court upon Defendant's Motion to Strike Allegations in Count I of Plaintiffs' Complaint and Motion to Dismiss Counts II, III, and IV of Plaintiffs' Complaint (**D.E. No. 7**), filed on **January 9, 2014**. This case, which is a case brought in admiralty, concerns personal injuries allegedly sustained by Plaintiffs during the course of a cruise on one of Carnival Corporation's cruise vessels. Defendant seeks to strike part of Count I of the Complaint and dismiss the Complaint's Counts II, III and IV. For the following reasons, the Court grants Defendant's Motion to Dismiss Counts II, III and IV. Moreover, the Court grants Defendant's Motion to Strike the *res ipsa loquitur* references in Count I of Plaintiffs' Complaint, although the Court reserves its decision on whether a *res ipsa loquitur* instruction will be appropriate later in this case.

I.   Factual Background

Plaintiffs Prachi and Abhishek Gandhi allege that their daughter, Plaintiff Araina Gandhi, was injured when her arm caught in an elevator door on a vessel operated by Defendant Carnival Corporation during a voyage at sea. According to the Complaint, Araina was standing in an elevator when her left arm was drawn into the space into which one side of the elevator doors was sliding. The elevator doors allegedly attempted to close and open with her arm entrapped until another passenger used a chair leg to assist in releasing the arm.

Plaintiffs Prachi Gandhi and Abhishek Gandhi plead that Araina sustained a deep laceration to her left elbow, a severing of one of her tendons, and a fracture. In addition, Plaintiff Abhishek Gandhi claims to have witnessed Ariaina's ordeal in entirety and alleges that he has suffered emotional distress as a result. In their Complaint, Plaintiffs plead the following Counts against Defendant Carnival Corporation: (I) a negligence claim for damages of the minor child Araina; (II) a claim for damages pursuant to the negligent infliction of emotional distress of Abhishek Gandhi; (III) a damages claim for medical expenses incurred by Prachi Gandhi and Abhishek Gandhi; and (IV) a damages claim relating to the loss of filial consortium of Prachi Gandhi and Abhishek Gandhi. Defendant Carnival Corporations responded by filing its Motion to Strike Allegations of Plaintiffs' Complaint and to Dismiss Counts II, III, and IV of Plaintiffs' Complaint, which the Court addresses now.

III.   Legal Standard

The Court has jurisdiction in this action pursuant to 28 U.S.C. § 1333 (2006). An action involving personal injuries sustained aboard a ship while at sea is a case in admiralty. *Id.* § 1333(1);

*see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991); *Archawski v. Hanioti*, 350 U.S. 532, 532–33 (1956). It is well-settled that general maritime law applies to actions arising from alleged torts "committed aboard a ship sailing in navigable waters." *Keefe*, 867 F.2d at 1321; *see also Beard v. Norwegian Caribbean Lines*, 900 F.2d 71 (6th Cir. 1990); *Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406 (1953). Accordingly, the present action is controlled by general maritime law. *See Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 253 (1972); *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982). In the absence of a well-defined body of maritime law relating to a particular claim, general maritime law is supplemented by either state law or general common law principles. *Foremost Ins. Co.*, 457 U.S. at 674.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal for failure to state a claim is warranted "when it appears that the plaintiff has little or no chance of success, *i.e.,* when the complaint on its face makes clearly baseless allegations or relies on legal theories that are indisputably meritless." *Aruanno v. Martin County Sheriff*, 343 Fed. App'x 535, 536 (11th Cir. 2009); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss.). For purposes of a motion to dismiss, the Court must view the allegations of the Complaint in the light most favorable to Plaintiff, consider the allegations of the Complaint as true, and accept all reasonable inferences therefrom. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

IV.     Legal Analysis

  A.     Motion to Strike Plaintiffs' References to the Doctrine of *Res Ipsa Loquitur*

Plaintiffs' claim for negligence in Count I pleads the application of the doctrine of *res ipsa loquitur*. In this Motion, Defendant moves to strike the assertion of *res ipsa loquitur* within the Count, arguing that it is not a cause of action. Defendant is correct. "The Supreme Court has developed a law of *res ipsa loquitur* in admiralty that permits the trier of fact to draw inferences of negligence from unexplained circumstances." *Estate of Larkins by Larkins v. Farrell Lines, Inc.*, 806 F.2d 510, 512 (4th Cir.1986) (*citing Johnson v. United States*, 333 U.S. 46, 68, 68 S.Ct. 391, 92 L.Ed. 468 (1948). Put another way, in admiralty, *res ipsa loquitur* is relevant in determining which cases of unexplained circumstances should go to the jury. *Id.* at 512. To invoke the doctrine of *res ipsa loquitur,* the plaintiff establishes "'(1) the event is of a type which ordinarily does not happen in the absence of someone's negligence; (2) the instrumentality causing the injury was, at the time of the accident, within the exclusive control of the defendant; [and] (3) the accident was not due to any voluntary action or contribution on the part of the plaintiff.'" *Id.* at 513 (*quoting Olsen v. States Line*, 378 F.2d 217, 220 (9th Cir. 1967).

*Res ipsa loquitur* is thus not a separate cause of action; rather, it is an evidentiary doctrine that permits the trier of fact to infer negligence from circumstantial evidence. Pursuant to Federal Rule of Civil Procedure 12(f), this Court may strike from Plaintiff's pleading invocation of *res ipsa loquitur* as immaterial matter. Fed. R. Civ. P. 12(f). The purpose of a motion to strike is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). For example, in *Lobegeiger v. Celebrity Cruises,* Judge Altonaga dismissed the plaintiff's claim for

"Negligence Based on *Res Ipsa Loquitur*", explaining that the doctrine of *res ipsa loquitur* was inappropriately invoked as a cause of action. 2011 WL 3703329, *7 (S.D. Fla. Aug. 23, 2011). Similarly, Plaintiffs here plead *res ipsa loquitur* within Count I, wherein they ought to limit their allegations in that Count to the cause of action of negligence. Accordingly, the Court GRANTS Defendants' Motion to Strike Plaintiffs' References to the Doctrine of *Res Ipsa Loquitur* in Count I. However, the Court reserves its decision as to whether a *res ipsa loquitur* instruction will be appropriate later in this case.

B.   Count II: Negligent Infliction of Emotional Distress

Count II of Plaintiff's Complaint requests damages for Defendant's Negligent Infliction of Emotional Distress. There are three predominant tests which assess claims of negligent infliction of emotional distress and delimit recovery for emotional damages: (1) the physical impact test, (2) the zone of danger test, and (3) the relative bystander test. *See Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 546–49 (1994). The physical impact test requires that a plaintiff seeking damages for emotional injury must have contemporaneously sustained a physical impact (no matter how slight) or injury due to the defendant's conduct. *Id.* at 547. The second test, the zone of danger test, limits recovery for emotional injury to plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct or who are placed in immediate risk of physical harm by that conduct. *Id.* at 547-548. The third limiting test, the relative bystander test, evaluates a plaintiff's relationship to an accident victim, his proximity to an accident scene, and whether the plaintiff experienced shock due to a sensory and contemporaneous observance of the accident. *Id.*

The Eleventh Circuit has explicitly adopted the second of these tests, the zone of danger test, as part of federal maritime law. *See Chaparro v. Carnival Corporation*, 693 F. 3d 1333 (11th Cir. 2012) (stating, "federal maritime law had adopted…the 'zone of danger' test"). The Circuit's adoption of the zone of danger test is consistent with its widespread acceptance by courts sitting in admiralty and the importance of fostering uniformity in admiralty law. *See generally Smith v. Carnival Corp.*, 584 F.Supp.2d 1343, 1353 (S.D. Fla. 2008); *Tassinari v. Key West Water Tours, L.C.*, 480 F.Supp.2d 1318, 1320 (S.D. Fla. 2007). Pursuant to a zone of danger analysis, courts in the Eleventh Circuit limit recovery for emotional injury to those plaintiffs who "sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct." *Smith*, 584 F.Supp.2d at 1354. Accordingly, to prevail in this proceeding, Plaintiffs here must claim more than mere witness of a traumatic event to sufficiently plead negligent infliction of emotional distress. *See Chaparro* at 1338.

Even viewing the allegations of the Complaint in the light most favorable to Plaintiffs, Plaintiffs here have not plead sufficient facts to satisfy the zone of danger test. Plaintiff Abhishek Gandhi alleges only that he witnessed the alleged incident on the cruise ship and that as a result of his direct observations and his attempts to help his daughter, he suffered emotional distress. He has not alleged that he either sustained a physical impact as a result of Carnival's alleged negligence or that he was actually placed in immediate risk of physical harm by Carnival's alleged negligence. This Court thereby dismisses Count II of the Plaintiff's Complaint.

The Court notes that Plaintiffs acknowledge that the weight of authority in the Eleventh Circuit does not recognize a claim for negligent infliction of emotional distress. Against this tide of authority, Plaintiffs have urged this Court to adopt the third of the three primary tests outlined above,

the relative bystander test, for use here. Plaintiffs' arguments are unpersuasive and so the Court here rules consistently with this Circuit's precedent. The zone of danger test has been clearly established for use in federal maritime cases, *see id at* 1337-38, and while other jurisdictions may follow the relative bystander test for negligent infliction of emotional distress claims, adoption of the test here is not compatible with the goals of maritime law. "When applying maritime law, courts must adhere to the principles of harmony and uniformity." *Suter v. Carnival Corp.*, 2007 WL 4662144, *3 (S.D. Fla. May 14, 2007); *see also Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 902 (11th Cir. 2004) ("the purpose behind the exercise of this Court's admiralty jurisdiction is to provide for the uniform application of general maritime law"). Circuit courts across the country use the zone of danger test in application of general maritime law, and it is not this Court's place to attempt to alter maritime law and disrupt its uniformity. *See, e.g., Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 224 (5th Cir. 2013) ("Under maritime law, a bystander cannot recover merely for witnessing harm to another where the bystander suffered no harm or threat.").

C.  Count III: Medical Expenses

Count III of the Complaint alleges very simply that as a "direct and proximate result of the negligence of the Defendant... Prachi Gandhi and Abishek Gandhi incurred certain out of pocket expenses for the hospitalization and medical care and treatment of their child, Araina Gandhi, and will likely incur such expenses in the future." However, Plaintiffs' claim in Count I ("Negligence") seeks to recover "expenses of hospitalization, [and] medical and nursing care and treatment of daughter Araina."

Plaintiffs cannot recover the same alleged damages multiple times. Plaintiffs demand reimbursement of Araina's past medical expenses as well as future medical expenses in Count I; as a result, this Court GRANTS Defendant's Motion to Dismiss Count III due to its duplicate nature.

### D.  Count IV: Loss of Consortium

Count IV of Plaintiffs' Complaint requests damages for the loss of consortium of the minor daughter Araina of Plaintiffs Prachi Gandhi and Abishek Gandhi. Like Count II, Count IV fails to state a claim under general maritime law.

General maritime law does not authorize loss of consortium claims. *See Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990); *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398 (9th Cir. 1994); *Nichols v. Petroleum Helicopters, Inc.*, 17 F.3d 119, 122–23 (5th Cir. 1994); *Frango v. Royal Caribbean Cruises, Ltd.*, 891 So. 2d 1208 (Fla. Dist. Ct. App. 2005). The Supreme Court held in *Miles v. Apex Marine Corp.* that damages for loss of society are not recoverable under general maritime law for the wrongful death of a seaman. 498 U.S. at 37. Following *Miles*, courts have consistently held that general maritime law does not provide for loss of society or loss of consortium in cruise line passenger injury cases. *See In re Everglades Island Boat Tours, LLC*, 484 F. Supp. 2d 1259, 1263 (M.D. Fla. 2007); *Albertelli v. NCL Corp.*, 2008 U.S. Dist. LEXIS 57789 (S.D. Fla. July 29, 2008) ("A claim for loss of consortium is not permitted under general maritime law, and therefore must be dismissed."); *Martinez v. Dann Ocean Towing, Inc.*, 2005 U.S. Dist. LEXIS 20946 (M. D. Fla. 2005); *Isberner v. Celebrity Cruises, Inc.*, 2006 U.S. Dist. LEXIS 94934 (S. D. Fla. 2006) ("[T]he Eleventh Circuit has repeatedly held that maritime law does not permit "recovery for loss of society or consortium in personal injury cases.") (*citing Lollie v. Brown Marine Serv.*, 995 F.2d 1565, 1565

(11th Cir. 1993)).

The well-established case law precluding the assertion of consortium claims under maritime law leaves little question for the Court. Count IV of Plaintiff's Complaint is Dismissed.

    E.    <u>Conclusion</u>

In sum, this Court GRANTS Defendant's Motion to Strike allegations referencing the doctrine of *res ipsa loquitur* from Count I and GRANTS Defendant's Motion to Dismiss with Prejudice Counts II, III and IV of Plaintiff's Complaint. *Res ipsa loquitur* is not a separate cause of action appropriate for consideration at this stage in the case. Moreover, the law regarding Count II and the application of the zone of danger test has been clearly established for use in federal maritime cases in the Eleventh Circuit, as has the law pertinent to Count IV's claim for loss of filial consortium. Count III is a repetitive plea for damages. Therefore only Count I remains of the Plaintiff's Complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of March, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record